AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| PRAVION DONYEA WHEELER | Case Number: 12-30580 |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

SEE ATTCHED.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 25, 2012 | |
|---|---|
| Date | *Signature of Judge* |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**12-30580 USA V PRAVION DONYEA WHEELER**                                    PAGE 2

Defendant is a 23 year old single, unemployed father of two. He has no assets but does have some financial liabilities. He is charged by way of criminal complaint with Felon in Possession (Felony Weapons - Firearms, Receiving and Concealing, Felony Firearms). He resided in the Jackson area until 2007 when he moved to Chicago, but states that he returned to Jackson in 2011 where he has since resided. He lives in Jackson, MI with his girlfriend, on and off, and sometimes resides with his mother in Albion, MI.

At the age of 13 Defendant was charged with Battery/Bodily harm and was processed through the Chicago juvenile justice system. Although he stated to Pretrial Services that he was living in Chicago at the time, in July 2009 he pled guilty to False ID in Jackson, MI and using a forged/altered drivers license. Five months earlier he pled guilty to operating while impaired in Jackson, MI, although he purportedly was still living in Chicago at that time. In January 2010 he was charged with domestic violence in Jackson, MI.. Then in May 2011 Defendant was charged with Obstructing the Judiciary. On August 16, 2011 Defendant pled guilty in Jackson, MI to Felony Controlled Substance, Delivery/Manufacture (Cocaine, Heroin, and Another Narcotic) and was sentenced to one year in jail, two years probation, and a fine.

While on probation for the drug charge, Defendant absconded in July, 2012 from his probation officer. A bench warrant was issued for non-reporting, new police contact, and testing positive for illegal substances (twice). Defendant turned himself in and was given jail time and additional community service hours. Defendant has been violated by his probation officer because of the current pending federal charges.

There are discrepancies in Defendant's statements to Pretrial Services which are of concern. As stated above, he indicated he lived in Chicago for four consecutive years, from 2007 - 2011, yet as described above, he was arrested in Jackson MI for various offenses and pled guilty to same during that time period and it appears that he was living in Jackson during the time that he was being charged and convicted of these acts. He also reported to the Pretrial Services officer that he began smoking marijuana seven years ago, but could not recall the last time he used the substance. He tested positive for marijuana while being processed in this court.

The government argues that Defendant is a risk of flight and a danger to the community based upon his past record and his failure to comply with conditions of supervised release.

Defendant argues for a bond with conditions.

Pretrial Services concludes that this Defendant is not a candidate for bond, and that he poses both a risk of flight and a danger to the community. This Court agrees.

Defendant has an outstanding warrant, having been violated by his current probation officer, he has recently absconded from state supervision, he continues to use drugs while under supervision, and he has been less than candid with the Pretrial Services officer. In addition while being arrested by the police officers on the instant case, he was told three times not to run, but he

**12-30580 USA V PRAVION DONYEA WHEELER**                                    PAGE 3

ignored the police who were wearing clearly marked clothing indicating they were police officers, and he continued to run, and ultimately had to be subdued with chemical agents. He was found to have a loaded .45 caliber pistol with 11 rounds of live ammo in the magazine. It is alleged that he may be involved with a group of young men in Jackson who have been involved with recent shootings. Defendant has a tattoo which reads "Hit Man".

This Court believes that this young man's activities and behaviors clearly demonstrate that he has not been deterred by his previous jail sentences and convictions, that he is noncompliant while under state supervision, that he continues to engage in criminal activity while under supervision, that he has absconded under supervision, that he has an active warrant filed by his probation officer violating him because of the instant charges, that he continues to use marijuana on a regular basis while under supervision, and that his involvement with drugs and guns renders him a danger to the community as well as a risk of flight.

There is no condition or combination of conditions which would assure his appearance in court or the safety of the community. Therefore Detention is Ordered.